J-S64044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN T. WALKER, | : | |
| | : | |
| Appellant. | : | No. 3379 EDA 2017 |

Appeal from the PCRA Order, September 15, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0527701-1991.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED JANUARY 24, 2019**

Shawn T. Walker appeals from the order denying his second petition for

post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").

42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history have been summarized as

follows:

> On April 23, 1991, [Walker] forcibly entered the home of
> his former girlfriend, Lisa Johnson, shot and killed a man
> sleeping on the couch, and shot and permanently disabled
> Ms. Johnson.  The man sleeping on the couch was Ricardo
> Thomas, a friend of Ms. Johnson's, who offered to spend the
> night at her home; Ms. Johnson was fearful because
> [Walker] had struck her in the face earlier that day when
> she refused to have sex with him, and then he harassed her
> by phone all evening, demanding to speak to her new
> boyfriend, Tracy "Denzell" Brown.  When Mr. Brown left Ms.
> Johnson's home in the middle of the night, he noticed a car
> parked around the block, later identified as [Walker's] car.

After waiting in his car for about an hour, [Walker] broke into Ms. Johnson's home and shot her and Mr. Thomas.

[Walker] then took numerous pills and admitted himself to the hospital for stomach pain. After [Walker] was treated and about to be discharged, police spoke with him, told him they wanted to question him regarding the shooting, and asked him if he would come to headquarters, emphasizing that he was not required to come with them. [Walker] agreed to go with the officers, and was transported to the station without handcuffs. At the station, after waiving his rights, [Walker] confessed he had broken in and shot the victims, neither of whom were armed; however, at trial, he claimed self-defense, testifying that when he entered Ms. Johnson's home, "her and some guy was on the couch, they was hugged up." [Walker] claimed that as he turned to leave, the man got up, punched him, and reached for a gun in his waistband, so [Walker] reached for his own gun and shot him in self-defense. According to [Walker], the police fabricated the portions of his statement that were contradicted by his trial testimony.

The jury convicted [Walker] of first-degree murder. At [the conclusion of] the penalty phase, the jury . . . sentenced [Walker] to death.

[Walker] received new counsel and filed a direct appeal, claiming, *inter alia*, the killing constituted, at most, voluntary manslaughter because he killed the victim in the heat of passion; the verdict was against the weight of the evidence because the Commonwealth failed to prove Walker possessed malice or specific intent to kill because the killing resulted from his mistaken belief he was defending himself; and trial counsel was ineffective for failing to object to evidence of [Walker's] prior bad acts. This Court affirmed, finding [Walker's] claims meritless, **Commonwealth v. Walker**, 540 Pa. 80, 656 A.2d 90 (1995), and the United States Supreme Court denied certiorari. **Walker v. Pennsylvania**, 516 U.S. 854, 116 S.Ct. 156, 133 L.Ed.2d 100 (1995).

[Walker] filed a timely *pro se* PCRA petition and received new counsel, who filed an amended petition, raising numerous claims of trial court error and trial counsel's ineffectiveness. The PCRA court granted a hearing on the

sole issue of whether trial counsel was ineffective at the penalty phase for failing to adequately investigate and present specific mitigation evidence. Before the hearings were concluded, however, the presiding judge died, and the petition was reassigned to another judge. After several appointments of new counsel due to [Walker's] repeated expression of dissatisfaction with each attorney, additional hearings were held. The PCRA court concluded [Walker's] penalty phase ineffectiveness claim entitled him to relief, and ordered a new penalty phase; the court denied all other relief. [Walker] appealed from the denial of his guilt phase claims.

*Commonwealth v. Walker*, 36 A.3d 1, 4-5 (Pa. 2011) (footnotes omitted).[1]

Walker raised four guilt-phase claims on appeal, including whether the Commonwealth violated due process ("*Brady* claim") by failing to disclose Mr. Thomas' criminal record to the defense.[2] The PCRA court had rejected Walker's *Brady* claim because Mr. Thomas had an arrest but no convictions, and Walker failed to allege that he was aware of the arrest. Our Supreme Court agreed, and held further that even if Walker had known of Mr. Thomas' arrest record, such knowledge would not have supported his self-defense claim, given the "overwhelming evidence that the murder was deliberate and premeditated." *Walker*, 36 A.3d at 10. Finding no merit to any other claim, the Court affirmed the denial of post-conviction relief.

On July 1, 2016, Walker filed a second *pro se* PCRA petition, in which he again alleged that the Commonwealth violated *Brady* by not producing the

---

[1] Walker's sentence was later reduced from death to a term of life imprisonment.

[2] *Brady v. Maryland*, 373 U.S. 393 (1963).

- 3 -

victim's arrest record. On October 24, 2016, Walker filed a supplemental petition, citing ***Dennis v. Secretary, Pennsylvania Department of Corrections***, 834 F.3d 263 (3d Cir. 2016) (*en banc*) to support his ***Brady*** claim. The PCRA court appointed counsel, who, on July 12, 2017, filed a petition to withdraw and "no-merit" letter pursuant to the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988)(*en banc*), because Walker's ***Brady*** claim was previously litigated in Walker's first PCRA and time-barred. Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Walker's petition without a hearing. Walker filed a response to both this Rule 907 notice as well as PCRA counsel's ***Turner***/***Finley*** letter. By order entered September 15, 2017, the PCRA court denied Walker's PCRA petition. This timely appeal followed. Both Walker and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a

trace of support in either the record or from other evidence. **Commonwealth v. Jordan**, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Before addressing the claims Walker raises on appeal, we must first determine whether the PCRA court correctly concluded that Walker's PCRA petition is untimely.

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3] 42 Pa.C.S.A. § 9545. A PCRA petition

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Hernandez***, 79 A.3d 651-52 (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Walker's judgment of sentence became final on October 2, 1995, when the United States Supreme Court denied his writ of *certiorari*. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Because Walker filed his second PCRA petition over twenty years later, it is patently untimely, unless Walker satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Walker has failed to establish any exception to the PCRA's time bar. Walker did not explicitly raise a time-bar exception in his original filing, although he did reference ***Weary v. Cain***, 136 S.Ct. 1002 (2016), a recent U.S. Supreme Court case, which, according to Walker, establishes that Pennsylvania precedent had misapplied the high court's decision in ***Brady***, ***supra***. In his supplemental petition Walker asserted that he satisfied the PCRA's time-bar exception regarding a "newly-recognized constitutional right"

found at subsection 9545(b)(1)(iii), based upon "the Third Circuit precedential decision in [*Dennis*, *supra*]."  Walker's Brief at 3.

Initially, the PCRA court found that Walker's original petition based on *Weary* was untimely because it was "filed almost four months after [the *Weary*] decision, and [*Weary*] did not create a newly recognized retroactive constitutional right."  PCRA Court Opinion, 12/13/17 at 7. Moreover, the PCRA court found Walker's reliance upon *Dennis* to be misplaced.  As the PCRA court noted, *Dennis* "is not a decision of either the Supreme Court of the United States or that of Pennsylvania, nor one that created a newly recognized retroactive constitutional right."  PCRA Court Opinion, 12/13/17, at 2.

As cogently recognized by the PCRA Court, Walker's "citations to *Dennis* and *Weary* were his attempts to make it sound like the Federal Courts have changed the constitutional law principles that were applied by our Supreme Court in his previous [PCRA] appeal."  PCRA Court Opinion, 12/13/17, at 8. Our review supports the PCRA court's conclusion.  Thus, the PCRA court correctly held that Walker's second PCRA was untimely, and Walker has not established any time-bar exception. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/24/19</u>